In the Matter of a Member of the
Bar of the State of Delaware:
K. Kay SHEARIN

No. 178, 2000.

Supreme Court of Delaware.

Submitted: March 2, 2001.
Decided: May 9, 2001.

Joseph M. Bernstein, Esquire, Wilmington, Delaware, for Respondent.

Mary S. Much, Esquire, of Office of Disciplinary Counsel, Wilmington, Delaware.

Before WALSH, HOLLAND and BERGER, Justices.

PER CURIAM.

This opinion involves the sanction phase of our appellate review in a disciplinary proceeding regarding the Respondent, K. Kay Shearin. In our initial disposition, we affirmed the Board on Professional Responsibility's judgment that the alleged ethical violations had been established by clear and convincing

evidence.[1] Before determining the appropriate sanction, however, this Court "concluded that it would be helpful, in deciding upon an appropriate sanction, to have a professional assessment of Shearin's mental state." [2] That offer was respectfully declined by the Respondent.

## APPROPRIATE SANCTION

In this opinion, we will begin our analysis by recounting the standards and contentions that are already extant in this proceeding.[3] The exclusive authority to impose sanctions for attorney misconduct is vested in this Court.[4] The guidelines for the imposition of sanctions are well-established. They are not designed to be either punitive or penal.[5] The relevant factors to consider in determining an appropriate sanction are: (1) the nature of the duty violated; (2) the lawyer's mental state; (3) the actual/potential injury caused by the misconduct; and (4) the existence of aggravating and mitigating circumstances.[6]

Shearin's attorney points out that "although the Petition alleged violations of separate provisions of the DLRPC, all of the allegations which the Board found to have established arose from a common nucleus of facts—the substantive content of the Shearin Lawsuit that was filed in U.S. District Court for the District of Columbia, which was ultimately dismissed." He argues that a public reprimand is the most appropriate sanction because Shearin did not knowingly violate the Delaware Lawyers Rules of Professional Responsibility. The Office of Disciplinary Counsel argues that a three-year suspension is the appropriate sanction because Shearin's "statements to the Board clearly reflect that she does not recognize the wrongfulness of her conduct."

The Board on Professional Responsibility recommends that the Respondent be suspended for three years from the date of its report, April 19, 2000.[7] The Respondent was previously suspended for one year beginning on January 1, 1999.[8] Since the Respondent has not petitioned for reinstatement, she remains suspended from the practice of law. Consequently, the Respondent has been suspended for almost two and one-half years.

## SUSPENSION IMPOSED

We have concluded that a period of suspension for three years is appropriate. As in *Shearin I*, the record in *Shearin II* reflects a pattern of unethical conduct, and demonstrates a complete disregard for her responsibilities as an officer of this Court.[9] In our view, however, given the interrelationship between the present and the prior ethical violations, the periods of Shearin's present and prior suspensions should run concurrently.

Therefore, we hold that for the ethical violations set forth in *Shearin II*, K. Kay

---

1. *Matter of Shearin*, Del.Supr., 765 A.2d 930 (2000), (per curiam), *cert. denied*, 532 U.S. 997, 121 S.Ct. 1660, 149 L.Ed.2d 642 (2001) (Shearin II).

2. *Shearin II*, 765 A.2d at 939.

3. *Id.* at 939–40.

4. *Shearin I*, 721 A.2d at 165.

5. *Id.* at 166.

6. *In re Mekler*, Del.Supr., 669 A.2d 655, 668 (1995). The Court has also looked for guidance to the *ABA Standards for Imposing Lawyer Sanctions*. *Shearin I*, 721 A.2d at 165–166.

7. The Board's Report recommending sanctions is attached to this opinion as an appendix.

8. *Shearin II*, 765 A.2d at 933.

9. *Shearin I*, 721 A.2d at 166.

Shearin shall be prohibited and suspended from engaging in the practice of law for a period of three years. That period of suspension will commence on January 1, 1999 and end upon her reinstatement, for which application may be made after January 1, 2002. This period of suspension shall be subject to the same terms and conditions originally set forth in *Shearin I*. This opinion shall be disseminated by the Office of Disciplinary Counsel in accordance with the Rules of the Board on Professional Responsibility.

## APPENDIX

### BOARD ON PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF DELAWARE

In the Matter of

a Member of the Bar  **CONFIDENTIAL**

of the Supreme Court  Board Case No. 1998

of the State of Delaware

K. KAY SHEARING,

Respondent.

### *BOARD RECOMMENDATION REGARDING SANCTION*

Pursuant to the findings and conclusions of the Board in the above referenced matter as set forth in the report of the Board under Rule 9(d), the Board recommends imposition of a suspension by the Supreme Court for three years to commence from the date of this recommendation. The Petition, Exhibits, Report of Board and this Board Recommendation will be delivered to The Delaware Supreme Court as joint Exhibits of the parties. This sanction is based on the following:

### RESPONDENT'S PRIOR DISCIPLINARY RECORD

Respondent was suspended on December 10, 1998 from the practice of law for a period of one year for misconduct stemming from violation of Rules the same in nature to the present proceedings: Rule 3.1 (engaging in frivolous litigation). Also, in Respondent's previous disciplinary matter, her conduct was found to have "placed an undue burden on the court system and opposing litigants," *In the Matter of Shearin,* Del.Supr., 721 A.2d at 163 (1998). This Board found her guilty of a substantially similar violation by violating Rule 8.4(d) (professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.) Respondent had a long history of actions filed by the ODC resulting in the previous suspension: Board Case No. 39, 1992 contained 5 separate counts; Board Case No. 53, 1994 contained 14 separate counts, and Board Case No. 35, 1995 contained 15 separate counts. All had many of the same parties, the same judges and the same facts as presented to this Board. All involved the conduct of the Respondent in her litigation zeal to vindicate her rights and her clients rights.

### AGGRAVATING AND MITIGATING FACTORS

Respondent presented to the Board an excellent oral argument answering all questions from the Board and participated in the hearing, cooperating fully and sincerely. It was clear that there was an absence of a dishonest or selfish motive to her actions.

However, in reaching the foregoing conclusion as to the disciplinary sanction described herein, the Board considered the following as aggravation factors:

(1) The Respondent has substantial experience in the practice of law having been a member of the Bar since 1986.

(2) The Respondent has a pattern of the same or similar misconduct.

(3) The Respondent's continued refusal to acknowledge the wrongful nature of her conduct and has no remorse for her behavior.

(4) The Respondent's bad faith obstruction of the disciplinary system by intentionally failing to comply with the Board's procedural rules.

(5) Respondent's prior disciplinary record consisting of a suspension on December 10, 1998 from the practice of law for a period of one year stemming from similar charges.

(6) Respondent's continuous degrading of judicial officers in personal terms questioning their mental capacity and allegations of conspiracy.

Keeping in mind that the Board's purpose is to protect the public, to that end the purpose of any sanctions are to foster public confidence in the Bar and the judiciary system, preserve the integrity of the profession, and to deter other lawyers from similar conduct. Specifically, by Respondent's misconduct in violation of Rule 8.4(d) (conduct prejudicial to the administration of justice); violation of Rule 8.2 (statement which the lawyer knows to be false or with reckless disregard as to the truth or falsity concerning qualifications or integrity of a judge); violation of Rule 3.4(c) (knowingly disobeying an obligation of a tribunal) and violation of Rule 3.1 (bringing a frivolous claim) suspension is appropriate.

### RESPONDENT'S STATE OF MIND

Respondent intentionally engaged in misconduct resulting in the above violations. The Respondent repeatedly stated that many wrongs and misunderstanding of facts had been bestowed upon her and her client throughout the long history of this matter and that everyone is wrong, including the judicial system, the disciplinary system, the judicial officers who ruled in these matters, and the attorneys involved. She firmly believes that her courses of action are right and meritorious. As previously stated in the Board's Report, "The evidence points to an attorney who becomes far too deeply involved in a matter which clouded her ability to separate the attorney-client relationship and her ability to objectively reason and view the results that her actions would take."

### ACTUAL/POTENTIAL INJURY CAUSED BY MISCONDUCT

The action taken by the filing of the Shearin Suit forced the Defendants to again litigate this matter to defend their interest outside the jurisdiction of the State of Delaware. The sixty six (66) original Defendants including nineteen (19) judicial or former judicial officers of the Delaware Supreme Court, the Court of Chancery, the Superior Court, the Federal Court in Delaware and the United States Court of Appeals for the Third Circuit, one (1) United States Senator and various members of the Delaware Bar, Trustees of the Churches and the Chief and former Chief of the Delaware Office of Disciplinary Counsel. All were required to retain counsel at a cost either to themselves or to the State of Delaware. Finally, the potential for injury to the reputations of the members of the judiciary as a result of unfounded medical allegations and conspiracy allegations is profound.

### ANALOGOUS CASE SUPPORTING A THREE-YEAR SUSPENSION

A similar Case for the Board's review was *In the Matter of Lassen* in which the Supreme Court dispensed a three-year suspension based primarily upon finding that Mr. Lassen had engaged in "repeat conduct" and refused to admit the wrongfulness of his conduct. *In the Matter of Lassen,* Del.Supr. 672 A.2d 988 (1996), Mr. Lassen had received a private admonition for unethical billing practice in 1982. Again in 1992, he was found to have en-

gaged in the same pattern of inappropriate billing. Mr. Lassen showed no remorse for his misconduct before the Board or the Court.

In this action, the Respondent has engaged in repeated acts of misconduct for which she has been previously suspended. Respondent has also been found in contempt three times (the last contempt finding was vacated) for her continuing failure to abide by Court orders and shows no remorse for her misconduct.

**DECISION**

(1) Pursuant to Board on Professional Responsibility Rule, the Respondent will pay all costs of this disciplinary proceeding promptly upon receipt of the ODC's statement of costs.

(2) The Board recommends that the Supreme Court impose the sanction of a three year suspension of Respondent pursuant to Rule 8(a)(2). In so recommending, the Board is mindful of and moved by the requirement that Respondent must apply for reinstatement at the end of the period of suspension and at that time will bear the burden of demonstrating rehabilitation and fitness to practice law.

(3) The Board hereby considers all issues surrounding this disciplinary matter to be resolved by this Order, subject to review by the Delaware Supreme Court pursuant to Board Rule 9(e).

**BOARD ON PROFESSIONAL RESPONSIBILITY**

H. Edward Maull, Jr.
H. Edward Maull, Jr., Esquire (Chair)
Robert J. Voshell
Mary B. Graham, Esquire

Dated: April 19, 2000